# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NEW YORK

---

MARK JAMES,

                Plaintiff,

              Memorandum and Order

-vs-

              06-CV-6007-CJS-MWP

THOMAS POOLE, *et al.*,

                Defendants.

---

**Siragusa, J.** Before the Court is Plaintiff's Motion for a Preliminary Injunction (Docket No. 36), filed on March 8, 2010. For the reasons stated below, Plaintiff's motion is denied without prejudice. Plaintiff seeks to:

> enjoin[] the defendant(s) W. Fennessy, B. Sheftic, their agents, servants, employees and attorneys from retaliating upon the plaintiff with false disciplinary actions due to this above-entitled action, removal from kosher meals, and removal from prison programs including but not limited to plaintiff's job as a prison law library clerk at Great Meadow C.F.

(Pl.'s Mot. for Prelim. Inj. (Docket No. 36) ¶ 1.)

"A party seeking injunctive relief ordinarily must show: (a) that it will suffer irreparable harm in the absence of an injunction and (b) either (i) likelihood of success on the merits or (ii) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the movant's favor." *Tom Doherty Assocs., Inc. v. Saban Entertainment, Inc.*, 60 F.3d 27, 33 (2d Cir.1995).

Plaintiff, an inmate serving a sentence at Great Meadow Correctional Facility of 32½ years to life for a murder conviction,[1] alleges that Five Points Correctional Facility Food

---

[1] New York State Department of Correctional Services Inmate Information for DIN 96A2884, *available at* http://nysdocslookup.docs.state.ny.us (last checked Mar. 24, 2010).

Administrator W. Fennessy ("Fennessy") and Corrections Officer B. Sheftic ("Sheftic"), "between August 2005 and January of 2006[,] placed spoiled food items in the plaintiff's kosher meal in retaliation because plaintiff filed complaints against W. Fennessy preventing plaintiff from exercising his Jewish religion mandate to eat only kosher foods.... B. Sheftic ripped pages out of his Torah (bible) and other religious books." (James Aff. (Mar. 8, 2010) ¶ 3.) Plaintiff includes notarized statements from witnesses Shabazz Vasquez, Jermaine Jemison,[2] Neftali Diaz, and Jesse Robinson. In each of their statements, except Jemison's, the witnesses state that other inmates told Plaintiff that he was removed from the kosher meal list because Plaintiff filed a complaint about receiving rotten food. They also state that they were present when both Fennessy and Sheftic told Plaintiff he was taken off the kosher meal list "because he was a 'Nigger,' and not a true 'Jew.'" (Vasquez Aff. ¶ 2; Diaz Aff. ¶ 2; Robinson Aff. ¶ 3.)

In a Great Meadow Correctional Facility grievance dated January 15, 2010 (Grievance No. GM 49,209-10), Plaintiff states that on December 24, 2009, he was removed from his position as a law library clerk because, he alleges, he refused to provide information to an individual he identifies only as "Sgt. Birrell," concerning illegal activities in the library. (Pl.'s Ex. H.)

With regard to the incident at Five Points Correctional Facility, since Plaintiff is no longer housed there, the Court finds no basis for issuing a preliminary injunction to Fennessy or Sheftic, neither of whom appear to be at Plaintiff's current correctional facility. *See Washington v. James*, 782 F.2d 1134, 1137 (2d Cir. 1986) (transfer to a new facility moots claims for preliminary injunction against corrections officers in prior facility);

---

[2] Jemison's statement is missing the back of the first page.

*McFarlan v. Coughlin*, No. 97-CV-740 (RSP/DRH), 1998 WL 185571, *11 (N.D.N.Y. Apr. 15, 1998) ("As a preliminary matter, in prisoner cases a transfer from one correctional facility to another moots any claim for injunctive relief against the transferring facility. *Prins v. Coughlin*, 76 F.3d 504, 506 (2d Cir.1996)."). Turning to the January 2010 incident and Sgt. Birrell, no such individual is named in Plaintiff's complaint.[3] Since he is not a defendant in this action, the Court has no personal jurisdiction over Sgt. Birrell, and Plaintiff has not shown that Birrell acted as a agent for any named defendant. *Visual Sciences, Inc. V. Integrated Communications, Inc.*, 660 F.2d 56, 59 (2d Cir. 1981) ("A court must have in personam jurisdiction over a party before it can validly enter even an interlocutory injunction against him."). Accordingly, it is hereby

ORDERED, that Plaintiff's motion (Docket No. 36) for a preliminary injunction against W. Fennessy, B. Sheftic and Sgt. Birrell is denied.

IT IS SO ORDERED.

Dated: March 25, 2010
       Rochester, New York

ENTER:

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge

---

[3]Plaintiff's complaint was filed initially in the Northen District of New York, and subsequently transferred to the Western District of New York Court.